GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Plaintiff, *v.* PETER LE TELLIER et al., Defendants.

Supreme Court, Special Term, Queens County, February 19, 1954.

*Henry Vollmer, Jr.,* for plaintiff.

*Edward J. Speno* for defendant.

PETTE, J. This is an action for a declaratory judgment. Plaintiff, a liability and casualty company, seeks a determination whether its liability insurance policy covers the claim of the defendant Peter Le Tellier for damages for personal injuries against the defendants Arthur C. and Edith Stein and whether, under the policy, it is required to defend the action against the Steins or pay any money in their behalf.

Defendant Le Tellier suffered injuries as a result of an accident while on the premises of the defendants Stein, located at 600 Glen Cove Avenue, in the city of Glen Cove, Nassau County, New York, where they conduct a delicatessen store. Le Tellier, in his action against the defendant Arthur C. Stein, claims that while he was leaving the premises at the rear thereof, he was caused to be thrown to the ground with resulting injuries. The claim of negligence is predicated upon the failure of the defendants Stein to provide a safe exit from the rear of the premises.

Plaintiff in this action issued its owners', landlords' and tenants' schedule liability policy to the defendants Stein, as owners of the delicatessen store. Under the terms of the policy the plaintiff insurer contracted to insure " The ownership, maintenance or use, for the purposes stated in the declarations, of the premises, and all operations which are necessary or incidental to such purposes." The pertinent provision as to the requirement of the plaintiff to defend any action for damages reads as follows: " defend in his name and behalf any suit against the Insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company." Plaintiff's contention is that the claim of Le Tellier against Stein is not covered by the policy in suit. That seems to be the sole issue presented for decision.

The court is unable to agree with the defendant Le Tellier that all he is required to establish, in order to defeat this action, is that a cause of action in negligence is alleged and that the plaintiff has issued its liability policy. The policy covered only the hazard specified in and designated as " Division 1," *i.e.,* the " ownership, maintenance or use, for the purposes stated in the

declarations, of the premises, and all operations which are necessary or incidental to such purposes.'' The policy further provided, in part, as follows:

## '' Exclusions

'' This policy does not apply: * * *

'' (c) under division 1 of the Definition of Hazards, to new construction or demolition operations, including changing the size of or moving buildings or other structures, performed by or under contract with the insured ''.

The proof establishes that in July of 1952, and subsequent to the issuance of the policy that a portion of the premises specified in the policy was demolished and a foundation was laid and a structure erected adjoining the premises under a contract with Stein. It was on this additional or new structure that the accident occurred and Le Tellier sustained injuries. In this court's opinion this was excluded from coverage under the policy. Under the circumstances the plaintiff is not called upon to defend the lawsuit nor assume any obligation in connection therewith. Accordingly plaintiff is entitled to a declaratory judgment. No costs. This constitutes the court's decision within the meaning of section 440 of the Civil Practice Act. The parties may submit findings of fact and conclusions of law on notice, if so advised.